UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**CMFG LIFE INSURANCE COMPANY** and
**TRUSTAGE INSURANCE AGENCY, LLC,**

    Plaintiffs,

v.                                                                                                       **CASE NO. 17CV00665**

**BANC INSURANCE AGENCY, INC.**
**(d/b/a INSURITAS INSURANCE AISLE**
**MANAGEMENT)** and
**JEFFREY CHESKY,**

    Defendants.

---

**DEFENDANTS' EXPEDITED MOTION TO INCREASE NUMBER OF DEPOSITIONS THAT MAY BE TAKEN AND TO EXTEND DEADLINES**

---

Defendants, Banc Insurance Agency, Inc. and Jeffrey Chesky (hereinafter referred to as "Defendants"), by and through their undersigned counsel, hereby move the Court for an Order increasing the number of depositions that may be taken by Defendants and extending the discovery and dispositive motion deadlines for the reasons set forth herein. The parties have met and conferred about the issues that are the subject of this Motion and Plaintiffs are in opposition

    **I.**    **INCREASE IN THE NUMBER OF DEPOSITIONS ALLOWED BY F.R.C.P. 30(a)(2)(A)(i)**

This action was brought by the Plaintiffs alleging, <u>inter</u>, <u>alia</u>, defamation and tortious interference with contract, based upon communications issued by Defendants to various credit unions.[1] (R. 7.) The communications from Defendants stated, among other things, that Plaintiffs had launched a competing direct-to-consumer marketing strategy allowing non-Credit Union

---

[1] The Plaintiffs sued both the company, Banc One Insurance Agency d/b/a Insuritas and its principal owner Jeffrey Chesky.

members to purchase insurance-related products and that decision adversely affected Credit Unions. (R. 7.) One of the key issues in this case is the truthfulness of Defendants' communications and the impact of those statements on Plaintiffs' business operations. Significantly, Plaintiffs have produced an expert report claiming that Plaintiffs will need to expend an amount ranging between $945,000 to $1,200,000 per year, for at least two years, in order to repair the alleged damages caused by Defendants' statements. (Declaration of Emery Harlan ("Harlan Decl.") at ¶ 2.)

To date, several sets of written discovery requests have been issued to Plaintiffs. (Decl.) Defendants have conferred with Plaintiffs regarding various shortcomings in Plaintiffs' discovery responses. (Harlan Decl. at ¶ 3.) For example, Defendants have repeatedly sought email communications from Plaintiffs relative to various aspects of this case including the decision to no longer restrict purchases of insurance-related products to Credit Union members. (Id.) Yet, despite repeated requests for this and other discoverable information, Plaintiffs have not fully complied with Defendants' legitimate discovery requests. (Id.) Hence, Defendants will be filing a Motion to Compel in the coming days. (Id.)

Notwithstanding the hurdles erected to preclude Defendants from accessing highly relevant and discoverable material to which they are entitled, they have aggressively moved forward with their discovery efforts. Based upon the results of the depositions and other discovery received by Defendants, it is clear that Defendants will need to exceed ten (10) depositions in order to properly defend against the claims asserted by Plaintiffs. Specifically, Defendants have taken four (4) depositions of employees of CUNA Mutual Group or its affiliates as of the date hereof. (Harlan Decl. at ¶ 4.) Through these depositions, the witnesses have disclaimed having knowledge of certain key facts in the case and have directed Defendants to other individuals.[2] (Id.) For example,

---

[2] Significantly, each of the individuals deposed were individuals identified by Plaintiffs as possessing discoverable information relating to this lawsuit. (Harlan Decl. at ¶ 12.) Further, Defendants have scheduled the depositions of

in CUNA Mutual Group Robert Trunzo's deposition, he was unable to provide specific information relative to the amount of revenues for TruStage - - the business unit at the heart of this case. (Id.) Rather, Mr. Trunzo indicated that a person on his team - - Tom Merfeld - - would have that information. (Id.) Obviously, financial information about the performance of the entity supposedly harmed by the alleged defamatory statements of Defendants is critically important in determining what, if any, damages have been sustained by Plaintiffs.  Based upon Mr. Trunzo's testimony, Defendants have decided to depose Mr. Merfeld. (Id.)

Similarly, when asked about the Plaintiffs' information technology systems and computer infrastructure, Mr. Trunzo testified that Andrew Tessier, the head of Information Technology, would be the person who could provide this information. (Harlan Decl. at ¶ 8.) Mr. Tessier's deposition is important given the ongoing dispute between the parties as to the availability of email communications. Mr. Tessier undoubtedly possesses information regarding the Company's email systems and document retention practices that will enable Defendants and third-party e-discovery experts to assess whether Plaintiffs' explanations for the lack of email production is credible and accurate.[3]

Defendants also seek to depose five (5) Credit Union executives who corresponded with Plaintiffs shortly after receiving Defendants' communications or an email from Mr. Trunzo about those communications: Steven Goldberger, President, Actors Credit Union; Lou Papageorge, Vice President, GE Credit Union; Carol Minges, CEO, 1st Financial Federal Credit Union; Sal Fragale, President, Metro Credit Union; and, Stacey Waddell, Senior Vice President, State Employees'

---

Susan Sachatello for tomorrow. Ms. Sachatello was the head of TruStage at the time of the alleged defamation communications and hence someone with relevant information in the lawsuit. Further, Defendants have notified Plaintiffs of their intention to depose an additional thirteen (13) individuals who, based on information and belief possess relevant evidence in this case. (Harlan Decl. at ¶¶ 6 and 7.)

[3] Defendants will also be taking a Rule 30(b)(6) deposition of Plaintiffs and deposing the expert witness designated by Plaintiffs – Eric Rose.  Both will occur in July.

Credit Union. (Harlan Decl. at ¶ 9.) In their emails, the Credit Union executives made comments or asked questions suggesting that they were unaware of Plaintiffs' decision to allow non-Credit Union members to purchase insurance-related products or, at the very least, wanted to understand more about the issue. (Id.) Given that the truth or falsity of Defendants' statements about Plaintiffs and their business practices is a key issue in this case, these executives whose Credit Unions were customers of the Plaintiffs at the time of the communications, possess highly relevant evidence as to the impact of Plaintiffs' change in sales and marketing strategy. Further, these Credit Union executives will be able to address the issue of whether those changes on the Plaintiffs' part had been as widely communicated as claimed by Mr. Trunzo in his deposition. (Id.) Defendants anticipate that each of these depositions will take no more than two hours to complete.

Additionally, Defendants' seek to depose two individuals from the Board of Directors of CUNA Mutual Group – Janet Whitehouse and Burt Hash, Jr. -- as to their knowledge and roles in the Plaintiffs' significant change in business strategy in connection with the decision to sell insurance-related products to non-Credit Union members. (Harlan Decl. at ¶ 10.) Mr. Trunzo testified that the Board of Directors was apprised on this change. (Id.) Further, he testified that the Board was in involved in the strategic planning process which included the Plaintiffs' policy change relative to selling insurance-related products to non-Credit Union members. (Id.) Hence, these Board Members are likely to possess highly relevant and discoverable evidence bearing upon the truth or falsity of Defendants' communications about Plaintiffs' apparent shift away from a singular focus on serving Credit Unions and their members. Defendants envision that these two depositions would be less than 3 hours each.

This Court would be well within its authority to grant the relief sought by Defendants. "Leave to exceed ten (10) depositions permitted under Federal Rule of Civil Procedure 30 should

be granted to the extent consistent with Rule 26(b)(2)." *Perry v. Ill. Cent. R.R. Co.,* at *16 2014 U.S. Dist. LEXIS 185011 (N.D. Ill. June 25, 2018). The purpose of Rule 26 and the limitations on discovery is to prevent "redundant or disproportionate discovery," and, as such, the Rules should not be used to "deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." *Benson v. Giordano,* 2007 U.S. Dist. LEXIS 61144 at *6 (D.S.D. August 17, 2007).

All together, Defendants are seeking an increase of seven (7) depositions above and beyond those to which they are entitled as a matter of right under Federal Rule of Civil Procedure 30(a)(2)(A)(i). Given the significant financial exposure that the Defendants are facing in this case, along with the possibility of personal liability on the part of Defendant Jeffrey Chesky, the request for additional depositions is both reasonable and appropriate. Further, each of the witnesses that Defendants seek to depose is likely to possess highly relevant evidence in this case. Moreover, at least nine (9) of the witnesses Defendants seek to depose are believed to reside more than 100 miles from Madison and are hence outside of the subpoena power of this Court. (Harlan Decl. at ¶ 11.) Hence, securing these nine (9) witnesses' testimony via deposition is the only way that Defendants can be assured of having access to their testimony should this matter proceed to trial.

In sum, this Court should grant Defendants' Motion to take an additional seven (7) depositions in this case. The additional requested depositions are proportional to the needs of the case. Further, they would not pose any undue burdens or hardships on Plaintiffs. Indeed, Plaintiffs have already agreed that one of the Credit Union witnesses, Steven Goldberger, would be deposed via live stream to a location in Milwaukee, thus avoiding the need for travel expenses. This procedure is available for all third-party deponents. Finally, the expense associated with the additional requested depositions is further warranted by the significant damages Plaintiffs are

seeking in this matter. Accordingly, Defendants respectfully request that the Court grant its Motion allowing them to take an additional seven (7) depositions beyond the ten (10) provided by Federal Rule of Civil Procedure 30.

## II. EXTENSION OF THE DISCOVERY AND DISPOSITIVE MOTION DEADLINES

Currently, the deadline for completion of discovery is August 3, 2018, the deadline for Defendants to file their expert disclosures is August 1, 2018 by prior agreement of the parties, and dispositive motions are due August 3, 2018. In light of the difficulties experienced by the Defendants in obtaining complete discovery materials from Plaintiffs (the subject of a forthcoming Motion to Compel), as well as the significant number of depositions to be conducted (irrespective of how the Court rules on the pending Motion for leave to conduct additional depositions), Defendants respectfully request an extension of the current deadlines for dispositive motions and discovery by forty-five days (45) to September 17, 2018. This short extension should not impact the current trial setting in the case. Alternatively, the Defendants respectfully request that the discovery deadline be extended until November 31, 2018 to allow Defendants ample time to complete depositions and to engage in further discovery efforts which may be appropriate based upon the Court's ruling on this Motion (as well as the anticipated Motion to Compel).

Dated at Milwaukee, Wisconsin this 25th day of June, 2018.

          Respectfully submitted,

          **MWH LAW GROUP LLP**

    By: _s/Emery K. Harlan_
        Emery K. Harlan
        Moyenda M. Knapp
        735 N. Water Street, Suite 610
        Milwaukee, WI 53202
        (414) 436-0353 Phone
        (414) 436-0354 Facsimile
        emery.harlan@mwhlawgroup.com
        moyenda.knapp@mwhlawgroup.com

        **COUNSEL FOR DEFENDANTS**